**ATTACHMENT A**


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL ERNEST THOLMER,

    Plaintiff,               No. CIV S-95-1417 GEB GGH P

    vs.

DAVID HENDERSON, et al.,

    Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his original complaint, plaintiff claimed that defendants illegally suppressed evidence which resulted in his wrongful conviction. On September 22, 1995, the court ordered plaintiff to brief the application of Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), and to inform the court whether he had exhausted state court remedies.

       On November 8, 1995, plaintiff filed briefing stating that he has exhausted state court remedies. On November 17, 1995, plaintiff filed an amended complaint, which supersedes the original complaint. See Local Rule 220.

In the amended complaint, plaintiff again claims that defendants committed constitutional violations which resulted in his illegal conviction. After further consideration, the court has determined that this action should be dismissed pursuant to Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

In Heck v. Humphrey, an Indiana state prisoner brought a civil rights action for damages under § 1983 and claimed that state and county officials violated his constitutional rights during his trial and conviction on voluntary manslaughter charges. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. (emphasis in the original). The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged, or reversed. Id. at 2372.

Under Heck, this court is required to determine whether, in a § 1983 action for damages, a judgment in plaintiff's favor would necessarily invalidate his conviction or sentence. Id. at 8795. Because it would, the complaint must be dismissed because it is clear that plaintiff's conviction has not been invalidated. It

2

makes no difference that plaintiff has exhausted his state court remedies.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without [with] prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20)** days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: ~~December~~ Jan 29, 1995.

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kj:bw
tholmer.dis

3

```
                                                                    gk
                    United States District Court
                             for the
                    Eastern District of California
                         January 29, 1996
```

* * CERTIFICATE OF SERVICE * *

2:95-cv-01417

Tholmer

v.

Henderson

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on January 29, 1996, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

| | |
|---|---|
| Lionell Ernest Tholmer<br>D-72928<br>FSP-1<br>Folsom State Prison<br>P O Box 290066<br>Represa, CA  95671-0066 | CF/JFM<br><br>SF/GEB |

Jack L. Wagner, Clerk

BY: /s/
G Knox, Deputy Clerk

FILED
APR 30 1996
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

CLOSED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL ERNEST THOLMER,

    Plaintiff,

    vs.

DAVID HENDERSON, et al.,

    Defendants.

No. CIV S-95-1417 GEB GGH P

ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On January 29, 1996, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations pursuant to an extension of time granted March 12, 1996.

```
                United States District Court                          gk
                         for the
                Eastern District of California
                       April 30, 1996


                  * * CERTIFICATE OF SERVICE * *

                          2:95-cv-01417

Tholmer

     v.

Henderson
_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  April 30, 1996, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.


        Lionell Ernest Tholmer            SF/GEB
        6198 Riverside Boulevard
        #C-23                             VC/GGH
        Sacramento, CA   95831




                                        Jack L. Wagner, Clerk

                                        BY: /s/ G. Knox
                                        G Knox, Deputy Clerk


***Case Dismissed***
```


FILED

MAY - 7 1996

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL ERNEST THOLMER

       Plaintiff,              No. CIV S-95-1464 WBS GGH P

  vs.

D. SMYTH, et al.,

       Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed December 22, 1995, the court construed this action as both a habeas petition challenging plaintiff's 1993 Yolo County conviction and a civil rights complaint. Plaintiff was directed to file briefing explaining to the court why this action

\\\\\

1

should not be dismissed. Plaintiff has responded to the court's order.

Although it is less than a model of clarity, the response explains why plaintiff believes a second challenge to his 1987 Placer County conviction, which is not at issue in this action, should be allowed to go forward. The court's own records and plaintiff's response indicate that plaintiff is proceeding in Case No. CIV S-95-1901 DFL GGH P with his second habeas petition challenging his 1987 Placer County conviction.[1] The court finds the instant action, insofar as it is construed as a habeas petition challenging plaintiff's 1987 Placer County conviction, duplicates Case No. CIV S-95-1901 DFL GGH P. Accordingly, the court will disregard plaintiff's comments concerning the 1987 conviction. Plaintiff is advised that all filings pertaining to that conviction should be made in Case No. CIV S-95-1901 DFL GGH P.

Insofar as the instant action is construed as a civil rights complaint stemming from plaintiff's 1993 Yolo County

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F. 2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981). A motion to dismiss for abuse of the writ is currently pending in Case No. CIV S-95-1901. Petitioner's first habeas challenge to his 1986 Placer County conviction was considered and rejected in Case No. CIV S-90-0752 EJG GGH P.

2

convictions, plaintiff filed an earlier civil rights action in Case No. CIV 95-1417 GEB GGH P for damages arising from that conviction.² Insofar as plaintiff seeks damages arising from that conviction, the instant action duplicates Case No. CIV 95-1417 GEB GGH P, which plaintiff voluntarily dismissed after the court recommended it be dismissed pursuant to Heck v. Humphrey, 114 S. Ct. 2364 (1994). As in the earlier case, the court again finds that a judgment in plaintiff's favor on his civil rights claims in this action would implicate the validity of plaintiff's 1993 Yolo County conviction.³ Accordingly, his civil rights claim for damages accruing from his 1993 conviction should be dismissed in accordance with Heck v. Humphrey, 114 S. Ct. 2364 (1994).

The court will not construe the instant proceeding as a habeas challenge to plaintiff's 1993 Yolo County convictions. A review of court records in Case No. CIV 95-1417 GEB GGH P makes it

---

² The earlier civil right action, Case No. CIV 95-1417, named defendants Smyth, Cunha, and Kane, who are named defendants in the instant action, in addition to other defendants. Case No. CIV 95-1417 was dismissed pursuant to Heck v. Humphrey.

³ The court notes that plaintiff is aware of the problems associated with presenting claims relating to his 1993 Yolo County conviction at this time. In requesting voluntary dismissal of Case No. CIV S-1417 GEB GGH P, plaintiff explained that the claims concerning the 1993 conviction are not yet exhausted.

3

plain that plaintiff is not intending to challenge the 1993 convictions in a habeas proceeding at this time, as he has not yet exhausted his state court remedies pertaining to those convictions.

In accordance with the foregoing, IT IS RECOMMENDED that this action be dismissed without prejudice. See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 1996.

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:lgs:jdp
tholmer.56

4

United States District Court
for the
Eastern District of California
May 7, 1996

kb

* * CERTIFICATE OF SERVICE * *

2:95-cv-01464

Tholmer

v.

Smith

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on May 7, 1996, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Lionell Ernest Tholmer            VC/GGH
    6198 Riverside Boulevard
    #C-23                                 CO/WBS
    Sacramento, CA  95831

Jack L. Wagner, Clerk

BY: _____
       Deputy Clerk



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LIONELL ERNEST THOLMER,

    Plaintiff,

vs.

D. SMYTH, et al.,

    Defendants.

No. CIV S-95-1464 WBS GGH P

ORDER

CLOSED
DATE: AUG 1 6 1996

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On May 7, 1996, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. On June 26, 1996, plaintiff was granted a thirty day extension of time to file objections. Plaintiff has not filed objections to the findings and recommendations.

The court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis. Accordingly, IT IS HEREBY ORDERED that:



1. The Findings and Recommendations filed May 7, 1996, are adopted in full; and

2. This action is dismissed without prejudice. See Fed. R. Civ. P. 41(b).

DATED: _____8/15_____, 1996.

*William B. Shubb*
UNITED STATES DISTRICT JUDGE

Tholmer.800

* * CERTIFICATE OF SERVICE * *

2:95-cv-01464

Tholmer

v.

Smith

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on August 16, 1996, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lionell Ernest Tholmer
D-72928
SVSP
Salinas Valley State Prison
P O Box 1050
Soledad, CA  93960-1050

CO/WBS

VC/GGH

Jack L. Wagner, Clerk

BY: _____
Deputy Clerk