FILED

APR 1 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LIONELL THOLMER,                           CASE NO. 1:08-cv-00926-SMS PC

                    Plaintiff,              ORDER VACATING ORDER GRANTING
                                            PLAINTIFF LEAVE TO PROCEED IN
          vs.                               FORMA PAUPERIS AND ORDER
                                            DIRECTING COLLECTION OF FILING
L.L. SCHULTEIS, et al.,                     FEE FROM PLAINTIFF'S TRUST ACCOUNT

                    Defendants.             (Doc. 7)

                                            ORDER DIRECTING CLERK'S OFFICE
                                            TO REFUND TO PLAINTIFF THE PORTION
                                            OF THE FILING FEE COLLECTED TO DATE
_____/

Plaintiff Lionell Tholmer ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff consented to jurisdiction by United States Magistrate Judge on June 19, 2009. By order filed January 21, 2009, the Court granted Plaintiff leave to proceed in forma pauperis and directed the California Department of Corrections to begin collecting payments from Plaintiff's trust account until the $350.00 filing fee had been paid in full.

28 U.S.C. § 1915(g) provides that a prisoner shall not "bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

As stated in the Order to Show Cause (hereinafter "the OSC") which issued on June 29, 2009, Plaintiff has had three actions dismissed for failure to state a claim upon which relief may be

1

1  granted (hereinafter "the three strike cases") and became subject to section 1915(g) on February 26,
2  2008.[1]  Therefore, Plaintiff is precluded from proceeding in forma pauperis in this action unless he
3  was, at the time the complaint was filed, under imminent danger of serious physical injury.  Andrews
4  v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  As also discussed in the OSC, Plaintiff's claims
5  arise from an incident of excessive force at Pleasant Valley State Prison in 2007 which does not meet
6  the imminent danger exception to allow Plaintiff to proceed in forma pauperis despite having three
7  strikes.  Andrews, 493 F.3d at 1053.

8       In response to the OSC, Plaintiff requested and received multiple extensions of time to
9  respond, as well as copies of the findings and recommendations and orders adopting and dismissing
10  for failure to state a claim in the three strike cases.  On April 5, 2010, Plaintiff filed a response to the
11  OSC wherein he argued that two of the three strike cases should not count as strikes since he had
12  voluntarily dismissed both of those actions upon receipt of findings and recommendations.  (Doc. 25,
13  p. 1.)  However, review of the three strike cases shows that all three of them were dismissed by order
14  adopting findings and recommendations for failure to state a claim – not by voluntary dismissal.

15       Plaintiff also appears to argue that two of the three strikes cases should not count as strikes
16  because they were dismissed without prejudice.  However, this argument is flawed as two of the
17  cases were dismissed with prejudice and only one was dismissed without prejudice.  Further, "a
18  dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is
19  frivolous, malicious, or fails to state a claim."  O'Neal v. Price, 531 F.3d 1146, 1154 (9th Cir. 2008)
20  quoting Day v. Maynard, 200 F.3d 665, 667 (10th Cir.1999).  "If Congress had intended to limit
21  strikes to dismissals with prejudice, it could have said so."  O'Neal, ref. United States v. Miller, 151
22  F.3d 957, 960 (9th Cir.1998).  Whether the three strike cases were dismissed with or without
23  prejudice is of no consequence when counting strikes under section 1915(g) since all of the three
24  strikes cases were dismissed for Plaintiff's failure to state a claim.

25       Thus, Plaintiff is ineligible to proceed in forma pauperis and should be required to submit the

26

27  [1] The Court takes judicial notice of case numbers 2:95-cv-01417-GEB-GGH PC Tholmer v. Henderson, et al. (dismissed 04/30/1996 for failure to state a claim); 2:95-cv-01464-WBS-GGH PC Tholmer v. Smith, et al. (dismissed
28  08/16/1996 for failure to state a claim); and 1:06-cv-01592-AWI-DLB PC Tholmer v. Yates, et al. (dismissed 02/26/2008 for failure to state a claim).

1   filing fee in full in order to proceed with this action such that:  the order granting Plaintiff leave to

2   proceed in forma pauperis should be vacated; Plaintiff should be denied leave to proceed in forma

3   pauperis; and this action should be dismissed if Plaintiff fails to pay the $350.00 filing fee in full

4   within thirty (30) days from the date of service of this order.

5          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

6      1.     The January 21, 2009 order granting Plaintiff leave to proceed in forma pauperis is

7             VACATED;

8      2.     The California Department of Corrections is to cease collecting partial payments from

9             Plaintiff's account for this action;

10     3.     The Clerk's Office shall review its records and refund to Plaintiff the portion of the

11            filing fee that has been collected from Plaintiff to date;

12     4.     Pursuant to 28 U.S.C. § 1915(g), Plaintiff is denied leave to proceed in forma

13            pauperis;

14     5.     Plaintiff must pay the $350.00 filing fee in full within thirty (30) days from the date of

15            service of this order; and

16     6.     If Plaintiff fails to pay the $350.00 filing fee in full within thirty (30) days, this action

17            will be dismissed, without prejudice.

18

19     IT IS SO ORDERED.

20

21     Dated:    **April 12, 2010**

              Sandra M. Snyder
              UNITED STATES MAGISTRATE JUDGE

3