# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONELL THOLMER,<br><br>              Plaintiff,<br><br>      v.<br><br>L. L. SCHULTEIS, et al.,<br><br>              Defendants. | CASE NO. 1:08-cv-00926-SMS PC<br><br>ORDER REVOKING IN FORMA PAUPERIS STATUS PURSUANT TO 28 U.S.C. § 1915(G), AND DISMISSING ACTION WITHOUT PREJUDICE TO REFILING AS A PAID COMPLAINT<br><br>(Doc. 16) |

Plaintiff Lionell Tholmer, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2008. On June 29, 2009, the Court ordered Plaintiff to show cause why his in forma pauperis status should not be revoked pursuant to 28 U.S.C. § 1915(g).[1] After numerous extensions of time and receipt of courtesy copies of the relevant documents, Plaintiff filed a response on April 15, 2010.

The Court identified three civil actions that appeared to fall within the purview of section 1915(g), case numbers 2:95-cv-01417-GEB-GGH Tholmer v. Henderson, 2:95-cv-01464-WBS-GGH Tholmer v. Smith, and 1:06-cv-01592-AWI-DLB Tholmer v. Yates.[2] Plaintiff does not

---

[1] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] Because Plaintiff's claims in this action arise from an incident of excessive force at Pleasant Valley State Prison in 2007, the imminent danger exception to section 1915(g) does not apply. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

1

challenge the dismissal of the Yates case, which occurred on February 26, 2008. However, Plaintiff argues that the dismissals in the Henderson and Smith cases do not count as strikes because they were dismissed for purposes of comity; he did not file either case to obstruct justice or harass anyone; and he should not be penalized for his lack of understanding of the holding in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), cited to by the court in those cases as grounds for dismissal. Plaintiff also argues that he withdrew the Smith case before it was dismissed by the court, Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042, 1049 (9th Cir. 2001), and that the Smith case was treated as both a habeas petition and a civil rights case, Andrews v. King, 398 F.3d 1113, 1122-23 (9th Cir. 2005).

The Henderson case was brought under section1983, and Plaintiff sought redress for constitutional violations that led to his allegedly illegal conviction. Such a claim is not cognizable under section 1983 until and unless the underlying conviction has been invalidated, expunged, or reversed. Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004). Put plainly, Plaintiff's allegations failed to state a claim upon which relief may be granted under section 1983 and the action was dismissed as a result. The fact that the dismissal was without prejudice, a factor referenced by Plaintiff, is irrelevant.

Further, although the court stated in the Smith case that the Henderson case had been voluntarily dismissed by Plaintiff, there is no support for that statement.[3] A review of the Henderson case file establishes that the Magistrate Judge recommended dismissal of the action for the aforementioned reason, Plaintiff filed a reply in which he stated his non-opposition to the dismissal of the action, and the District Judge adopted the recommendation and dismissed the case on April 30, 1996. There is no evidence Plaintiff filed a notice of voluntarily dismissal in Henderson, and it counts as a strike. 28 U.S.C. § 1915(g).

Turning to Smith, the court construed the case to be both a habeas petition and a civil rights action. The court found that insofar as it was a habeas petition, it duplicated Plaintiff's claims in

---

[3] A copy of the document containing that statement may be found in the record at document 24, attachment A, page 10.

2

case number 2:95-cv-01901-DFL-GGH; and insofar as it was a civil rights action, it duplicated Plaintiff's claims in 2:95-cv-01417-GEB-GGH and should be dismissed in accordance with Heck because it sought damages arising out of Plaintiff's 1993 conviction. The court recommended dismissal of the action, and the recommendation was adopted and the case was dismissed on August 16, 1996. In the dismissal order, the court noted Plaintiff had been granted an extension of time to file objections on June 26, 1996, but he failed to do so. Not noted was Plaintiff's request for an extension of time or for voluntary dismissal of the action, filed on August 12, 1996. The court was apparently unaware of that filing when it issued the dismissal order. Plaintiff did not appeal, however, and the dismissal order and judgment are the final documents in the case.

The Smith case was found to count as a strike in at least one other court case.[4] However, the Court need not decide in this case whether, in light of the circumstances identified in the preceding paragraph, it does or does not count as a strike. There exists a fourth case dismissal which clearly constitutes a strike, case number 2:95-cv-02200-EJG-GGH Tholmer v. Gomez.[5]

In Gomez, the court dismissed Plaintiff's claims, with leave to amend, as frivolous. Plaintiff failed to file an amended complaint and the court recommended dismissal of the action for the reasons set forth in the prior screening order. On November 25, 1996, the recommendation was adopted and the action was dismissed. A dismissal for frivolousness counts as a strike and that dismissal constitutes Plaintiff's third strike, as it occurred prior to the filing of this action. 28 U.S.C. § 1915(g).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's in forma pauperis status is revoked pursuant to 28 U.S.C. § 1915(g);

2. This action is dismissed, without prejudice to refiling as a paid complaint; and

///
///

---

[4] The Court takes judicial notice of Eastern District of California case number 1:06-cv-01403-LJO-GSA PC Tholmer v. Yates. United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[5] Judicial notice is taken of exhibit D to document 36 in case number 1:06-cv-01403-LJO-GSA.

3. The Clerk of the Court shall close this file.

IT IS SO ORDERED.

**Dated:     January 13, 2011**               /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE